IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER L. SHEPARD,           )
                                  )
                Plaintiff,        )
                                  )
v.                                )   Case No. 08-2327-JPO
                                  )
AVCORP BUSINESS SYSTEMS, LLC,     )
                                  )
                Defendant.        )

# **ORDER**

This is a Title VII employment-discrimination action brought by the plaintiff, Christopher L. Shepard, against the defendant, Avcorp Business Systems, LLC. The matter is currently before the court on Avcorp's motion for a protective order to prevent Shepard from taking a second deposition of an Avcorp business-records custodian (**doc. 79**).

Discovery in this matter closed April 24, 2009. On November 18, 2009, Shepard filed a motion to reopen discovery for the limited purpose of taking a deposition of Avcorp's records custodian regarding a possible business-records foundation for the personnel file of former Avcorp employee Roger Rife. Rife's file had been previously produced by Avcorp in another employment-discrimination case, *Smith v. Avcorp*, Case No. 08-2352. At the *Smith* trial, Avcorp submitted a trial exhibit labeled "Roger Rife Personnel File," which contained information about an employment-discrimination claim filed by Rife against Avcorp. In taking the deposition, Shepard apparently hopes to avoid an objection to the

admission of Rife's personnel file at his trial, as occurred in the *Smith* case.[1] U.S. District Judge Eric F. Melgren granted Shepard's motion to reopen discovery for limited purposes.[2]

On March 3, 2010, Shepard deposed an Avcorp representative regarding the identity, completeness, and authenticity of Avcorp's "personnel file for Roger Rife."[3] However, the file produced at the deposition did not contain information regarding Rife's discrimination claims, as it had during the *Smith* trial. Avcorp's representative informed Shepard that those documents were maintained in Avcorp's "other file" for Rife.[4] Accordingly, Shepard filed a notice for a second deposition of an Avcorp records custodian who could speak to the foundation of this so-called other file.[5] This is the deposition Avcorp now seeks to quash.

Avcorp has cited Fed. R. Civ. P. 26(c)(1)(A) as authority for the relief it seeks. However, Avcorp has made no attempt to meet the standards set forth in that rule. Rule 26(c) allows the court, for good cause shown, to prohibit certain discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." But Avcorp has not cited any of these reasons as justification for a protective order in this instance. Nor has Avcorp indicated that there was any good-faith attempt to resolve this

---

[1] *See* doc. 67.

[2] Doc. 71. The parties have since consented to jurisdiction by the undersigned U.S. Magistrate Judge, James P. O'Hara, for all further proceedings. Doc. 77.

[3] Doc. 73.

[4] Doc. 79 at 2; doc. 80 at 4.

[5] Doc. 75.

matter before it filed this motion, as is also required by Rule 26(c).

Avcorp argues that the deposition should not be allowed to go forward because the second deposition is beyond the scope of the court's order reopening discovery and because "[t]he records maintained in the 'other file' that plaintiff seeks, by their very nature, are not kept in the ordinary course of defendant's business" and would therefore not be admissible.[6] However, neither argument warrants a protective order in this instance.

The court granted Shepard's motion to reopen discovery so that he could depose an Avcorp representative regarding the foundation of what he believed was Rife's personnel file. The motion to reopen discovery, which the court granted without limitation, specifically referenced the file as it existed in the *Smith* case, and it also mentioned Rife's employment-discrimination complaints.[7] It is therefore not outside the scope of the court's prior order to allow Shepard the opportunity to depose an Avcorp representative regarding the documents that were included in the personnel file as it existed in the *Smith* case. Further, it is somewhat disingenuous for Avcorp to produce at the deposition a file different than the one that existed in the *Smith* case, and then claim that the "limited purpose" of reopened discovery had been served.[8] Shepard's motion sought to depose an Avcorp

---

[6]Doc. 79 at 2.

[7]*See* doc. 67.

[8]Avcorp's response to Shepard's motion to reopen discovery did state that, "[o]n information and belief, the documents at issue were not maintained in the former employee's personnel file and were simply designated as part of the former employee's personnel file by counsel for ease of identification during discovery and trial." Doc. 68 at 2. Avcorp went

representative regarding the file that was produced in the *Smith* case, and that motion was granted. Since that file is now apparently in two separate files, Shepard is entitled to depose an Avcorp representative regarding both Rife's personnel file and the so-called "other file."

Avcorp's other argument is that the deposition should not go forward because the other file contains documents that would not be admissible as business records. But this claim also fails to justify the requested protective order. Avcorp simply makes the conclusory assertion that the documents in the other file are not kept in the ordinary course of business and are therefore not business records. However, the issue of the admissibility of the documents at issue will be made at a later date. Simply stating that the documents are not business records does not preclude Shepard's right to inquire into the foundation and admissibility of those documents. Indeed, this was the whole point of reopening discovery. Further, the scope of discovery is not limited to admissible evidence, but rather to information that "appears reasonably calculated to lead to the discovery of admissible evidence."[9]

Accordingly, Avcorp's motion for a protective order is denied. The second deposition as noticed (doc. 75) shall occur by **April 9, 2010**.

IT IS SO ORDERED.

---

on to state that it did not oppose the deposition even though it believed the deposition would not render the documents admissible at trial. But Avcorp never indicated that it intended the deposition to be on something other than the file as it existed at the *Smith* trial.

[9]Fed. R. Civ. P. 26(b)(1).

Dated April 1, 2010, at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge